IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                         )
                                               )
DELUXE CLEANERS OF                             )    Case No. 07-80327
DURHAM, INC.,                                  )
                                               )
                    Debtor.                    )
_____)

**MEMORANDUM OPINION**

This matter came before the Court on February 5, 2008 upon the First and Final Application for Compensation and for Reimbursement of Expenses by Paul D. Bradford, PLLC in its Capacity as Attorney for Debtor (the "Application"), filed on January 12, 2008 by Paul D. Bradford ("Bradford"); the Response of Trustee to Application for Compensation by Debtor's Counsel (the "Trustee's Objection"), filed on January 30, 2008 by John A. Northen, Chapter 11 trustee herein (the "Trustee"); and the Bankruptcy Administrator's Response to Application for Compensation by Debtor's Counsel (the "BA's Objection"), filed on January 31, 2008 by the United States Bankruptcy Administrator (the "Bankruptcy Administrator"). Bradford appeared on behalf of the above-referenced debtor (the "Debtor"), John A. Northen appeared in his capacity as the Trustee, and Robyn R. Whitman appeared on behalf of the Bankruptcy Administrator. Upon consideration of the Application, the Trustee's Objection, the BA's Objection, the evidence presented at the hearing, the arguments of the parties, and the relevant law, the Court will deny the Application, sustain the Trustee's Objection and the BA's Objection, vacate the order approving the employment of Bradford and his law firm, and order

1

Bradford to transfer his retainer to the Trustee.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) which this Court has the jurisdiction to hear and determine.

## II.  PROCEDURAL POSTURE

On February 12, 2007, the Debtor filed a voluntary petition in the Eastern District of North Carolina seeking relief under Chapter 11 of the Bankruptcy Code.[1]  On March 2, 2007, venue of the case was transferred to the Middle District of North Carolina.

On May 2, 2007, the Debtor filed a motion to employ Bradford and Paul D. Bradford, PLLC (the "Law Firm") as attorney for the Debtor (the "Motion to Employ"), which stated that "Mr. Bradford does not hold or represent an interest adverse to the estate and is a disinterested person."  Attached to the Motion to Employ was a Fee Agreement and Authorization for Legal Services (the "Fee Agreement") between the Debtor and the Law Firm, which was undated.  The Fee Agreement provided that the Debtor was to deposit $26,039.00 in the Law Firm's trust account, which Bradford would hold until he invoiced the Debtor for services rendered.  Also attached to the Motion to Employ was an affidavit by Bradford, dated February 20, 2007, which provides, inter alia, that "I do not hold or represent an interest adverse to the estate pursuant to 11 U.S.C. § 327," and "I am a disinterested person pursuant to 11 U.S.C. § 327."  On May 2,

---

[1] Case No. 07-00268. The Honorable A. Thomas Small presided.

2007, an order was entered allowing the Debtor to employ Bradford and the Law Firm (the "Employment Order").

Bradford and the Law Firm are also employed, by a separate fee agreement, as the attorney for Jong Sung and Kyung Ok Park (the "Parks"), who are the sole shareholders of the Debtor.[2] On February 27, 2007, the Parks filed a Chapter 11 bankruptcy petition in the Eastern District of North Carolina (Case No 07-00385). On June 13, 2007, the Parks' case was converted to Chapter 7 of the Bankruptcy Code.

### III.  FACTS

The Fee Agreement is undated, but the Court assumes that it was executed sometime before the Debtor's bankruptcy. It specifically states that the Law Firm is retained "ONLY" for "[r]epresentation of Deluxe Cleaners of Durham, Inc., in a Chapter 11 Bankruptcy Proceeding" and not for any other legal work.[3] On December 20, 2006, the Parks[4] wrote a check to Bradford for $26,039.00, representing a $25,000.00 retainer (the "Retainer") and a $1,039.00 Chapter 11 filing fee (the "Filing Fee). The memo portion of the check indicates that it was payment for the "Business Bank." The Disclosure of Compensation of Attorney for the Debtor reflects that the

---

[2] Kaye Park is the Secretary of the Debtor and owns 50% of the Debtor's common stock. Jong Park is the President of the Debtor and owns 50% of the Debtor's common stock

[3] The parties emphasized that the Law Firm's representation of the Debtor was limited to the Debtor's bankruptcy. The Fee Agreement provides: "Client understands and agrees that if services not listed herein are requested by the Client, a Supplemental Contract must be signed to cover Client's and Attorney's obligations for such representation. Client understands and agrees that Attorney will provide no legal services, other than as agreed under this agreement, until such a Supplemental Contract is executed and payments are made as required thereunder." No Supplemental Contract was presented to the Court.

[4] The check was written and signed by Mr. Park, but it was drawn on the Park's joint account.

3

source of the Retainer and the Filing Fee was "Jong & Kaye Park AND/OR Debtor." The Parks' Statement of Financial Affairs reflects that, on December 22, 2006, they paid a $26,000.00 retainer [5] and a $1,039.00 Chapter 11 filing fee to Bradford "for Deluxe Cleaners of Durham, Inc.," and the Debtor's Statement of Financial Affairs reflects that on December 22, 2006, the Retainer and Filing Fee were "paid by Jong & Kaye Park" to Bradford. The Court concludes that the Parks paid the Retainer and the Filing Fee to Bradford pursuant to the Fee Agreement.

On January 23, 2007, the Debtor wrote two checks to the Parks in the aggregate amount of $20,000.00. The memo portions of these checks were blank. The Trustee asserts that this $20,000.00 payment constituted a partial repayment of the Retainer by the Debtor to the Parks.[6]

On February 12, 2007, the Debtor filed its Chapter 11 bankruptcy. On February 27, 2007, the Parks filed their individual Chapter 11 bankruptcy.[7]

On May 2, 2007, the Employment Order was entered. On May 25, 2007, the Court appointed the Trustee as the Chapter 11 trustee for the Debtor.

On January 12, 2008, the Application was filed. The Application seeks final allowance of compensation in the amount of $21,460.00 and the payment of the same from the Retainer.

---

[5] This figure is an error. The amount of the Retainer was only $25,000.00.

[6] The Trustee also produced a portion of the Parks' bank statement, which shows that, on December 13, 2006, deposits in the amount of $15,359.55, $20,000.00, and $30,000.00, for a total of $65,359.55, were deposited in the Parks' account. However, the Trustee was unable to show the source of these payments.

[7] According to the Parks' Statement of Financial Affairs, on February 27, 2007, the Parks paid a $7,500.00 fee retainer and a $1,039.00 Chapter 11 filing fee to the Law Firm for the Parks' individual Chapter 11 proceeding. The Fee Agreement and Authorization for Legal Services between the Parks and the Law Firm was dated February 27, 2007.

4

No expense reimbursement is requested. The Application requests compensation for prepetition services provided to the Debtor in the period from December 7, 2006 through February 8, 2007, totaling 55.6 hours and $11,120.00. The remaining compensation requested in the Application is for post-petition services totaling 51.7 hours and $10,340.00. Attached to the Application is a summary of services rendered, which indicates the attorney who rendered the service, a description of the services rendered, the hours spent, the hourly rate, and the total compensation requested.

In the Trustee's Objection, the Trustee argued that the payment of Bradford's post-petition fees was proper, but that his prepetition fees should have been paid from the Retainer before the Debtors filed their petition. The BA's Objection echoed the Trustee's arguments. At the hearing, the Trustee argued that the payment of prepetition fees to Bradford would be proper, but that since Bradford was a creditor of the Debtor at the time of filing and therefore was not disinterested, no post-petition award of fees was proper. At the hearing, the Bankruptcy Administrator maintained the same argument stated in the BA's Objection. The Trustee and Bankruptcy Administrator both argue that the payment of $25,000.00 to Bradford, by the Parks, on behalf of the Debtors was a capital contribution by the Parks to the Debtor and that, as such, the Retainer is property of the estate.

## IV. DISCUSSION

### A. Prepetition Services

The Application reflects that, on the date of filing, Bradford was owed $11,120.00 for

prepetition services rendered ostensibly to the Debtor (the "Prepetition Services").[8] Bradford failed to carry his burden to demonstrate that such services were rendered for the benefit of the Debtor. See In re Hamilton Hardware Co., 11 B.R. 326, 329 (Bankr. E.D. Mich. 1981); In re Rosen, 25 B.R. 81, 86 (Bankr. D.S.C. 1982). To the extent that the Prepetition Services were provided for the benefit of the Parks, then the fees for such services are not compensable by the Debtor. Even if the Prepetition Services were provided for the benefit of the Debtor, Section 329 of the Bankruptcy Code gives this Court the authority to review and approve fee agreements, and payments thereunder, made after one year before the Debtor's petition "for services rendered or to be rendered in contemplation of or in connection with the case." 11 U.S.C. 329(a). Bradford offered no evidence that the Prepetition Services were performed in contemplation of the Debtor's bankruptcy, and the Court concludes that they were not.[9] Moreover, the Fee Agreement plainly is limited to only Chapter 11 work performed for the Debtor, so no portion of the Prepetition Services may be paid pursuant to the Fee Agreement. Lastly, the Retainer was given to Bradford pursuant to the Fee Agreement, which is limited to Chapter 11 services, so no portion of the Retainer may be used to compensate Bradford for the Prepetition Services.

**B. Post-Petition Services**

The Application reflects that Bradford seeks $10,340.00 for post-petition services

---

[8]The Court is unable to discern from the Application whether the Prepetition Services relate to services provided to the Debtor, to the Parks, or to both.

[9]When compensation is sought for legal services rendered prior to bankruptcy that were not in contemplation of or in connection with the bankruptcy, the claim of the attorney is treated like that of any other creditor. Bethea v. Robert J. Adams & Assocs., 352 F.3d 1125, 1127 (7th Cir. 2003), cert. denied, 541 U.S. 1043 (2004); see also In re Griffin, 313 B.R. 757, 762-63 (Bankr. N.D. Ill. 2004) (collecting cases); 3 L. King, Collier on Bankruptcy ¶ 329.03[1][h] (15th ed. rev. 2007). Such claims are not within the scope of Section 329.

rendered to the Debtor in this case (the "Post-Petition Services"). A determination of the Application requires, among other things, a determination as to whether Bradford, at the time he was approved as Debtor's counsel, was disinterested and whether he held an adverse interest to the estate pursuant to Section 327 of the Bankruptcy Code.

In order to be employed by a debtor, Section 327 provides that counsel may not "hold or represent an interest adverse to the estate" and must be a "disinterested person." 11 U.S.C. § 327(a). This Court "may only approve the appointment of a 'disinterested person.'" Harold & Williams Development Co. V. U.S. Trustee, 977 F.2d 906, 909 (4th Cir. 1992). The requirement that an attorney be a "disinterested person," means, as defined in Section 101(14) of the Bankruptcy Code, a person that "(A) is not a creditor," and "(C) does not have an interest materially adverse to the interest of the estate . . . by reason of any direct or indirect relationship to, connection with or interest in, the debtor." 11 U.S.C. § 101(14)(A), (C). A "creditor" includes one who holds a prepetition claim against a debtor. 11 U.S.C. § 101(10). "[I]t is presumed by the statute that a person who is a creditor . . . is incapable of the impartial judgment required of a professional in the conduct of a case under the Code." 3 L. King, Collier on Bankruptcy ¶ 327.04 [2][a][iii][C] (15th ed. rev. 2007). Courts routinely hold that a professional who is a prepetition creditor does not meet the disinterested-person requirement. In re Source Enterprises, Inc., No. 06-11707, slip op. at 15-18 (Bankr. S.D.N.Y. March 27, 2008), citing U.S. Trustee v. Price Waterhouse, 19 F.3d 138, 141 (3d Cir. 1994).

The Application establishes that Bradford was a prepetition creditor of the Debtor and therefore not eligible to be counsel for the Debtor. 11 U.S.C. § 327(a); 11 U.S.C. § 101(14)(A). Although the Motion to Employ alleged that Bradford was a "disinterested person," the Court

concludes that he was not. See In re Textile Industries, Inc., No. 95-12517, slip op. at 7 (Bankr. M.D.N.C. April 5, 1996) (accountant owed prepetition fees was not "disinterested"). When counsel has been employed and the court subsequently learns that counsel was not disinterested, the court may deny compensation. 11 U.S.C. § 328(c); see, e.g., In re eToys, Inc., 331 B.R. 176, 193 (Bankr. D. Del. 2005); In re American Metallurgical Prods. Co. v. Kirkpatrick & Lockhart, 228 B.R. 146, 160 (Bankr. W.D. Pa. 1998). In such circumstances, the denial of compensation "ensures the enforcement of the Code's requirement that professional persons be 'disinterested.'" 3 L. King, Collier on Bankruptcy ¶ 328.05[4] (15th ed. rev. 2007). For this reason, the Court will vacate the Employment Order and deny any compensation to Bradford for the Post-Petition Services.[10]

## C. The Retainer

### 1. The Payment of the Retainer Constituted a Capital Contribution to the Debtor

The Trustee argues that the payment of the Retainer by the Parks to Bradford constituted a capital contribution of the Parks to the Debtor. A capital contribution is a contribution of funds or property to the capital of a business by a partner, owner, or shareholder. Black's Law Dictionary 222 (8th ed. 2004). The phrase "contribution to capital" is a term which, when applied to corporations, is ordinarily understood to mean the fund or property contributed or agreed to be contributed by stockholders as the financial basis for the prosecution of the business. Foreman Mfg. Co. v. Johnson, 261 N.C. 504, 506 (N.C. 1964).

North Carolina law provides no guidance as to whether the transfer of the Retainer by the

---

[10]Given the Court's denial of compensation to Bradford, it is not necessary to address the Trustee's argument that the Debtor contemporaneously paid more than the $25,000 Retainer to the Parks.

Parks to Bradford constitutes a capital contribution to the Debtor.[11]  However, the Eleventh Circuit established a multi-prong test to determine whether, for tax purposes, a payment made by a shareholder to or for the benefit of a corporation is debt or equity.  In re Lane, 742 F.2d 1311, 1314-15 (11th Cir. 1984); see also In the Estate of Leavitt v. Comm'r, 875 F.2d 420, 425 (4th Cir. 1989) (citing the Lane factors).  The Lane test examines thirteen factors, including the evidence of indebtedness, the source of the payment, the relation to other creditors, the intent of the parties, whether the corporation is inadequately capitalized, and whether the corporation had the ability to obtain loans from outside institutions.  When the Court considers the applicable Lane factors in the context of this case, it is striking and significant that there is no evidence of any debt to the Parks as a result of the transfer of the Retainer.  No promissory note was produced, and the Court takes judicial notice of the fact that the Parks did not file a proof of claim in the Debtor's bankruptcy.  The only relevant document is the Fee Agreement, which indicates that the Retainer was owed by the Debtor and leads to the inference that the Parks intended to make a capital contribution to the Debtor so that the Debtor could retain Bradford.[12]  In so doing, the Parks were protecting their interest in the Debtor.

---

[11]The North Carolina Business Corporations Act of 1990 adopted the financial rules of the Model Business Corporations Act of 1984, which removed the extensive financial and accounting provisions of prior law.  The prior law defined certain financial and accounting terms. N.C.G.S. §1039 (1957).  Now, the North Carolina Business Corporations Act only requires that the accounting principles used be "reasonable."  N.C. Gen. Stat. § 55-6-40(d). See N.C. Amended Commentary § 55-6-40 (1990); Watson v. Watson Seed Farms, Inc., 253 N.C. 238 (1960) (pre-1990 Act, but principle upheld in Robinson on North Carolina Corporate Law § 19.01[2] (2007)).

[12]This conclusion is somewhat supported by the unexplained statement in the Disclosure of Compensation of Attorney for Debtor that reflects that the source of the Retainer and the Filing Fee was "Jong & Kaye Park AND/OR Debtor."

In Miller v. U.S. Trustee (In re Independent Engineering Co., Inc.), 232 B.R. 529 (B.A.P. 1st Cir. 1999), the Bankruptcy Appellate Panel for the First Circuit considered facts nearly identical to those of this case. The bankruptcy court approved the employment of counsel for a Chapter 11 corporate debtor, including a $10,000.00 retainer that came from the debtor's president and shareholder. Id. at 530. The court subsequently determined that debtor's counsel had drawn against his retainer, both before and after court approval, without filing a fee application. Id. at 531-32. The bankruptcy court vacated the order of employment and required debtor's counsel to disgorge all retainers and fees. Id. at 531. The Bankruptcy Appellate Panel affirmed, finding that "pursuant to the terms of the contract, the Debtor retained an interest in the unapplied retainer upon the filing of the petition, and the retainer became property of the Debtor's estate." Id. at 533 (citations omitted).

The Court concludes that the Retainer expense was incurred by the Parks for the benefit of the Debtor and that the payment of the Retainer to Bradford was a contribution by the Parks to the Debtor's capital.

**2. The Retainer is Property of the Debtor's Estate**

"Property of the estate," within meaning of Section 541(a) of the Bankruptcy Code, should be construed broadly. See Mid-Atlantic Supply, Inc. of Va. v. Three Rivers Aluminum Co. (In re Mid-Atlantic Supply Co.), 790 F.2d 1121, 1124 (4th Cir.1986). "[T]he legislative intent behind the current Bankruptcy Code is that § 541(a)(1) 'includes every conceivable interest of the debtor in the estate.' " World Communications, Inc. v. Direct Mktg. Guar. Trust (In re World Communications, Inc.), 72 B.R. 498, 500 (D. Utah 1987). The majority of bankruptcy courts hold that prepetition retainers are property of the estate. In re Printing

Dimensions, Inc. 153 B.R. 715 (Bankr. D. Md. 1993); 3 L. King, Collier on Bankruptcy ¶ 328.02[1][d] (15th ed. rev. 2007) (citing Steward v. Law Offices of Dennis Olson, 93 B.R. 91 (N.D. Tex 1988), aff'd, 878 F.2d 1432 (5th Cir. 1989)).

The Retainer is a security retainer. It secures the payment of fees for services rendered by Bradford to the Debtor. Pursuant to the Fee Agreement, Bradford "agrees to hold said deposit" in his "trust account until such time as [Bradford] invoices [the Debtor] for services rendered." The Fee Agreement further describes the Retainer as a "non-earned deposit." Thus, the Debtor owns the Retainer, which is held by Bradford until fees are earned and approved by the Court. See Miller v. U.S. Trustee, 232 B.R. at 533 & n.5. Pursuant to Rule 1.5(2) of the Disciplinary Rules of the North Carolina State Bar, Bradford is required to return unapplied funds to the Debtor. In re Carolina Premier Medical Group, P.A., No. 00-82322, slip op. at *3 (Bankr. M.D.N.C. Aug. 20, 2001) (2001 WL 1699220) ("[T]he funds remain property of the estate until the attorney applies for the payment of funds for services rendered. If the Court finds that there are excess funds available in the retainer account then the monies would become available for the payment of other administrative fees.") (citing In re NBI, Inc., 129 B.R. 212, 221-22 (Bankr. D. Colo. 1991)). Since the Retainer is a contribution by the Parks to the capital of the Debtor, the Debtor owns the Retainer, and it is property of the Debtor's estate under Section 541(a). The Retainer was held by Bradford to secure the payment of his Chapter 11 fees, but since the Application will be denied, the Retainer should be transferred to the Trustee.

## V. CONCLUSION

The Application seeks compensation of $21,460.00 from the estate and specifically from the Retainer. Bradford failed to demonstrate that the Prepetition Services were services rendered

for the benefit of the Debtor. Even if Bradford had made such a showing, he also failed to demonstrate that the Prepetition Services were rendered in contemplation of or in connection with the Debtor's bankruptcy. Compensation for all Post-Petition Services will be denied due to the fact that Bradford was a prepetition creditor of the Debtor and therefore not disinterested. The Employment Order shall be vacated. Finally, the Retainer constitutes a capital contribution by the Parks to the Debtor. As such it is property of the Debtor's estate and shall be transferred to the Trustee.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | |
|---|---|
| IN RE: )<br>)<br>DELUXE CLEANERS OF )<br>DURHAM, INC., )<br>)<br>                Debtor. )<br>_____) | Case No. 07-80327 |

**PARTIES IN INTEREST**

Deluxe Cleaners of Durham, Inc.

Paul Daniel Bradford

John A. Northen, Trustee

Michael D. West, Bankruptcy Administrator