**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DELUXE CLEANERS OF DURHAM, INC., | ) CASE NO. 07-80327 |
| | ) |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |

**MEMORANDUM OPINION**

This matter came before the Court on November 10, 2010, upon the Motion for Stay Pending Appeal (the "Motion") filed on October 29, 2010, by David M. Warren, Chapter 7 trustee (the "Parks Trustee") for the bankruptcy estate of John S. Park and Kyung Ok Park (the "Parks Estate"), which bankruptcy is pending in the United States Bankruptcy Court for the Eastern District of North Carolina, Case No. 07-00385-5-JRL. At the hearing, Shannon E. Hoff appeared on behalf of the Parks Trustee, and John A. Northen appeared in his capacity as the Chapter 7 trustee (the "Deluxe Trustee") for the bankruptcy estate of the above-referenced debtor (the "Deluxe Estate").

**FACTS**

On December 15, 2006, the Superior Court of Durham County entered judgments in the civil action of <u>A.D. Myer's Builders, LLC v. Deluxe Cleaners of Durham, Inc., John S. Park and Kyung Ok Park, a/ka/ Kay Park, a/k/a Kaye Park v. Forrest Investment Group, Inc., f/k/a Forrest Jewelers, Inc., a/k/a, d/b/a Forrest & company Commercial Properties</u>, case no. 04-CVS-0718 (the "State Court Litigation"). A judgment was entered in favor of the above-referenced debtor ("Deluxe") and Jong S. Park and Kyung Ok Park (the "Parks") against Forrest Investment Group, Inc. ("Forrest") in the amount of $86,265. A judgment was also entered in favor of Forrest against the Parks and

Deluxe in the amount of $21,790.

On February 12, 2007, Deluxe filed a voluntary petition for relief in the United States Bankruptcy Court for the Eastern District of North Carolina under Chapter 11 of the Bankruptcy Code. On February 28, 2007, the case was transferred to this Court, and the Deluxe Trustee was appointed. On February 27, 2007, the Parks filed a voluntary petition for relief in the United States Bankruptcy Court for the Eastern District of North Carolina under Chapter 11 of the Bankruptcy Code. On June 13, 2007, the Parks' case was converted to Chapter 7, and the Parks Trustee was appointed.

On October 28, 2007, the Deluxe Trustee sold certain assets to Forrest for $450,000. As a result of the sale, the State Court judgments were released and cancelled, and a portion of the sale proceeds was held in escrow pending a final determination of allocation of the funds between the Deluxe and Parks bankruptcy estates. The amount currently in escrow, after the payment of compensation and fees to the Deluxe Trustee, is $44,318.04. On July 6, 2010, the Deluxe Trustee filed a Motion to Allocate Judgment Escrow Between Estates, requesting the Court to determine the proper allocation of the judgment proceeds. On October 27, 2010, the Court entered an Order Allocating Judgment Escrow Between Estates, which allocated 100% of the judgment proceeds to the Deluxe Estate. Paragraph six of the October 27, 2010 order provides:

> The judgment in favor or the Parks and Deluxe against Forrest Investment is based upon a finding of actual damages arising from breach of contract by Forrest Investment. The only contract which was the subject of that dispute was a lease agreement between Deluxe as the tenant and Forrest Investment as the landlord. The Parks were guarantors of the lease but were not parties to that contract, and thus the Parks had no basis to support a direct claim arising from a breach of the contract at issue.

The Parks Trustee has appealed the October 27, 2010 order and now seeks a stay of the order

pending a resolution of that appeal.

## DISCUSSION

Bankruptcy Rule 8005 provides, in relevant part, that

> A motion for a stay of the judgment, order, or decrees of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance. . . . [T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Fed. R. Bankr. P. 8005.  The issuance of a stay pending appeal is left to the court's discretion.  Long v. Robinson, 432 F.2d 977, 979-80 (4th Cir. 1970).  The purpose of a stay pending appeal is to maintain the status quo as well as to prevent harm to the moving party between the time the original order was entered and the decision on appeal.  Tolco Properties, Inc., 6 B.R. 490, 491 (Bankr. E. D. Va. 1980).

In the Fourth Circuit, the decision to issue a stay under Rule 8005 is determined by using the same test as that for determining whether to grant an injunction.  In re Miraj & Sons, Inc., 201 B.R. 23, 26 (Bankr. D. Mass. 1996).  Accordingly, the moving party must prove, by a preponderance of the evidence: (1) the likelihood of irreparable harm to the plaintiff without a stay; (2) that the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted; (3) that the public interest would not be adversely affected by granting the stay; and (4) the Plaintiff's likelihood of success on the merits.  Id.

The Parks Trustee has not met his burden in proving the likelihood of irreparable harm to the Parks Estate if a stay is not granted.  The "irreparable harm" that is required must be neither remote nor speculative, but must be actual and imminent.  Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1992) (citing Tucker Antony Realty Corp. v.

Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)).  A risk of irreparable harm is not enough–a plaintiff must provide "a clear showing of immediate irreparable injury."  Id. (citing ECRI v. McGraw-Hill, Inc, 809 F.2d 223, 226 (3d Cir. 1987)).  In addition, the risk that an appeal may become moot does not, standing alone, constitute irreparable injury.  See In re Sunflower Racing, Inc., 223 B.R. 222, 224-25 (D. Kan. 1998); In re 203 N. LaSalle St. Partnership, 190 B.R. 595, 598 (N.D. Ill. 1995).  The Parks Trustee presented no evidence of any actual, imminent, or irreparable harm that the Parks Estate might suffer if a stay is not granted.  In fact, he presented no evidence as all.  He simply stated, through counsel, that the disbursement by the Deluxe Trustee of the judgment proceeds would harm the Parks Estate.  The Parks Trustee provided no evidence, explanation, or argument in support of his conclusory statements.  Even after repeated invitations by the Court to do so, he offered nothing about the other assets that are available to pay creditors of the Parks Estate and nothing about the nature or amount of the claims asserted against the Parks Estate.

The Parks Trustee also failed to meet his burden of proof as to the balance of harms to be suffered by the competing bankruptcy estates.  The Deluxe Trustee stated that creditors of both estates are anxious for distributions, a statement that the Court readily accepts in light of the fact that these cases are almost four years old.  The Deluxe Trustee also pointed out that there is a significant overlap between the creditors of the Deluxe and Parks estates.  In fact, the largest creditor of both estates holds an identical claim in each bankruptcy.  The Parks Trustee was unable to demonstrate how the disbursement of the escrowed funds to the creditors of the Deluxe Estate, many of whom are also creditors of the Parks Estate, would cause more harm to the Parks Estate than continuing to hold the funds in escrow would cause to the Deluxe Estate.

Finally, the Parks Trustee failed to meet his burden of proof as to the likelihood of his

success on the merits of the appeal and as to any adverse effect on the public interest.

## CONCLUSION

Because the Parks Trustee failed to meet his burden of proof as to the four elements necessary for the issuance of a stay under Rule 8005 of the Federal Rules of Bankruptcy Procedure, the Motion will be denied**.**

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DELUXE CLEANERS OF DURHAM, INC., | ) | CASE NO. 07-80327 |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

**PARTIES IN INTEREST**

David M. Warren, Esq.

John A. Northen, Esq.

Michael D. West, Esq.